64 A.3d 552
IN THE MATTER OF WILFRID LEBLANC, JR., AN ATTORNEY
AT LAW (ATTORNEY NO. 048591997).

April 25, 2013.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–275, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f)(default by respondent) that **WILFRID LeBLANC, JR.,** formerly of **ROSELLE,** who was admitted to the bar of this State in 1998, and who has been suspended from the practice of law since February 6, 2008, should be suspended from the practice of law for a period of two years for violating *RPC* 1.1(a)(gross neglect), *RPC* 1.2(d)(counseling or assisting a client in conduct that the attorney knows to be illegal, criminal or fraudulent), *RPC* 1.15(b)(failure to promptly disburse funds to a client or third party), *RPC* 4.1(a)(false statement of material fact or law to a third person), *RPC* 8.1(b)(failure to cooperate with disciplinary authorities), *RPC* 8.4(b)(commission of a criminal act that reflects adversely on the attorney's honesty, trustworthiness or fitness as a lawyer), and *RPC* 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation), and good cause appearing;

It is ORDERED that **WILFRID LeBLANC, JR.,** is suspended from the practice of law for a period of two years, and until the further Order of the Court, effective immediately; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of

*Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.